*OLF3 (Official Local Form 3)*
*Effective December 1, 2017*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:                                                                                       Case No.: **16-12402**
   **Robert W. Tait**                                                                        Chapter 13
   **Diane M. Tait**
                              Debtor(s)

**CHAPTER 13 PLAN**

*Check one.* This plan is:
☐   Original
☐   Amended *(Identify First, Second, Third, etc.)*
☑   Postconfirmation *(Date Order Confirming Plan Was Entered:*   **1/31/2017**   *)*
Date this plan was filed:   **01/15/2021**

## PART 1:                                                 NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor.** | ☐ Included | ☑ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3).** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |

## PART 2:                                      PLAN LENGTH AND PAYMENTS

**A.   LENGTH OF PLAN:**

☐   36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
☐   60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
☑   **84** Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:
**Pursuant to subsection (d)(1) to 11 U.S.C. § 1329 a debtor is permitted to modify a confirmed plan, after notice and a hearing, if such debtor is experiencing a "material financial hardship" due, "directly or indirectly," to the COVID-19 pandemic. Under the Act, a plan also may be modified to extend the plan period up to seven years after the first payment under the original confirmed plan became due.**

**B.   PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|
| 1,778.00 | 31 |
| 2,499.02 | 53 |

## C. ADDITIONAL PAYMENTS:

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**　　　　　　$<u>187,566.06</u>.

*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

| PART 3: | SECURED CLAIMS |
|---|---|

☐ **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

## A. CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*
☑ **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in (1) and/or (2) below.** *Complete (1) and/or (2).*

### (1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) <u>Secured Claim(s) (Principal Residence)</u>

Address of the Principal Residence:　**58 Suomi Road**
　　　　　　　　　　　　　　　　　　**Quincy MA 02169-0000**

The Debtor(s) estimates that the fair market value of the Principal Residence is:　　**$324,000.00**

| Name of Creditor | Type of Claim<br>(*e.g., mortgage, lien*) | Amount of Arrears |
|---|---|---|
| **Cit Fin Serv (Caliber Home Loans)** | **Mortgage** | **$162,690.30** |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): $<u>**162,690.30**</u>

(b) <u>Secured Claim(s) (Other)</u>

| Name of Creditor | Type of Claim | Description of Collateral<br>(*or address of real property*) | Amount of Arrears |
|---|---|---|---|
| **-NONE-** | | | |

Total of prepetition arrears on Secured Claim(s) (Other): $<u>**0.00**</u>
**Total prepetition arrears to be paid through this Plan [(a) + (b)]: $<u>162,690.30</u>**

### (2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):

Contractual installment payments are to be paid <u>directly</u> by the Debtor(s) to creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| **Cit Fin Serv (Caliber Home Loans)** | **Mortgage** | **58 Suomi Road Quincy, MA 02169<br>Norfolk County<br>Principal Residence. Deed recorded Norfolk County Registry of Deeds in Book 17467, Page 391** |

**B.    MODIFICATION OF SECURED CLAIMS:**

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*
☑ **Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below.** *Complete 1, 2, and/or 3 below.*

  **(1) REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:**

☑ **None.** *If "None" is checked, the rest of Part 3.B.1 need not be completed and may be deleted from this Plan.*

  **(2) SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:**

☐ **None.** *If "None" is checked, the rest of Part 3.B.2 need not be completed and may be deleted from this Plan.*

This section includes any claim(s) that was either (i) incurred within 910 days before the petition date and secured by a purchase-money security interest in a motor vehicle acquired for the personal use of the Debtor(s) or (ii) incurred within one year of the petition date and secured by a purchase-money security interest in any other thing of value. Such claim(s) will be paid in full through this Plan with interest at the rate stated below. Unless the Court orders otherwise, the claim amount stated on an allowed Proof of Claim controls over any contrary amount listed below.

*If you are treating the claim in Part 3.B.1 or 3.B.3, you should not include the claim in this section.*

| Name of Creditor | Description of Collateral | Secured Claim Amount | Interest Rate | Total Claim |
|---|---|---|---|---|
| Santander Consumer USA Inc, | 2008 Cadillac STS 97000 miles Location: 68 Suomi Road, Quincy MA 02169 | $4,080.75 | 0.00% | $4,080.75 |

**Total Claim(s) under Part 3.B.2 to be paid through this Plan: $4,080.75**

  **(3) LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):**

☑ **None.** *If "None" is checked, the rest of Part 3.B.3 and Exhibits 3 and 4 need not be completed and may be deleted from this Plan.*

**C.    SURRENDER OF COLLATERAL:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

# PART 4:                                    PRIORITY CLAIMS

*Check one*

☐ **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*
☑ **The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.**

**A.    DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**B.    OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: $0.00**

C.  **ADMINISTRATIVE EXPENSES:**

   **(1) ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| Peter M. Daigle | $2,000.00 |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

   **(2) OTHER** (*Describe*)**:**

| -NONE- |
|---|

Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: **$2,000.00**

   **(3) TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

# PART 5: NON PRIORITY UNSECURED CLAIMS

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*
☑ **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

☑ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $ **38.51**, which the Debtor(s) estimates will provide a dividend of **0.07** %.
☐ Fixed Percentage: each creditor with an allowed claim shall receive no less than __% of its allowed claim.

A.  **GENERAL UNSECURED CLAIMS:**                                $**57,462.09**

B.  **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

C.  **NONDISCHARGEABLE UNSECURED CLAIMS** (*e.g., student loans*)**:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

D.  **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

E.  **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

**The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in**

**Exhibit 2.**

**Total Nonpriority unsecured Claims [A + B + C + D]: $57,462.09**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: **$38.51**

**F.    SEPARATELY CLASSIFIED UNSECURED CLAIMS** (*e.g., co-borrower*)**:**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| **-NONE-** | | | | |

**Total of separately classified unsecured claim(s) to be paid through this Plan: $0.00**

## PART 6:                    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Check one.*

☑    **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

## PART 7:                    POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8:                    NONSTANDARD PLAN PROVISIONS

☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*
☑    **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

*The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.*
**Santander Consumer USA, Inc. is being paid through the plan as the loan matured.  The amount of $4,080.75 is the remaining amount due on the loan and as agreed through Counsel to parties this amount shall be paid through the plan.**

## PART 9:                    SIGNATURES

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

| | |
|---|---|
| **/s/ Robert W. Tait** | **January 27, 2021** |
| **Robert W. Tait** | Date |
| Debtor | |
| **/s/ Diane M. Tait** | **January 27, 2021** |
| **Diane M. Tait** | Date |
| Joint Debtor | |
| **/s/ Peter M. Daigle**  Date | **January 27, 2021** |
| Signature of attorney for Debtor(s) | |
| **Peter M. Daigle** | |
| **640517 MA** | |

**Daigle Law Office**
**1550 Falmouth Road**
**Suite 10**
**Centerville, MA 02632**
**(508) 771-7444**
**pmdaigleesq@yahoo.com**

The following Exhibits are filed with this Plan:
☑ **Exhibit 1: Calculation of Plan Payment***
☑ Exhibit 2: Liquidation Analysis*
☐ Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
☐ Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

| *List additional exhibits if applicable.* |
|---|
| |

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits:** 8

**EXHIBIT 1**

**CALCULATION OF PLAN PAYMENT**

| | | |
|---|---|---:|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | **$166,771.05** |
| b) | Priority claims (Part 4.A and Part 4.B Total): | **$0.00** |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | **$2,000.00** |
| d) | Nonpriority unsecured claims (Part 5.E Total): | **$38.51** |
| e) | Separately classified unsecured claims (Part 5.F Total): | **$0.00** |
| f) | Executory contract/lease arrears claims (Part 6 Total): | **$0.00** |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | **$168,809.56** |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | **$187,566.06** |
| i) | Divide (h), Cost of Plan, by term of Plan, _ months: | |
| j) | Round **up** to the nearest dollar amount for Plan payment: | |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete(a) through (h) only and the following***:**

| | | |
|---|---|---:|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | **$132,448.00** |
| l) | Subtract line (k) from line (h) and enter amount here: | **$55,118.06** |
| m) | Divide line (l) by the number of months remaining (**31** months): | **$1,778.00** |
| n) | Round up to the nearest dollar amount for amended Plan payment: | **1,778.00** |

Date the amended Plan payment shall begin:   **1/01/2021**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**EXHIBIT 2**

**LIQUIDATION ANALYSIS**

### A. REAL PROPERTY

| Address (Sch. A/B, Part 1) | Value (Sch. A/B, Part 1) | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| **58 Suomi Road Quincy, MA 02169 Norfolk County Principal Residence. Deed recorded Norfolk County Registry of Deeds in Book 17467, Page 391** | **324,000.00** | **408,301.13** | **9,349.00** |

| | |
|---|---|
| **Total Value of Real Property** (Sch. A/B, line 55): | **$ 324,000.00** |
| **Total Net Equity for Real Property** (Value Less Liens): | **$ 0.00** |
| **Less Total Exemptions for Real Property** (Sch. C): | **$ 0.00** |
| **Amount Real Property Available in Chapter 7:** | **$ 0.00** |

### B. MOTOR VEHICLES

| Make, Model and Year (Sch. A/B, Part 2) | Value (Sch. A/B, Part 2) | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| **2008 Cadillac STS 97000 miles Location: 68 Suomi Road, Quincy MA 02169** | **5,520.00** | **4,080.75** | **1,439.25** |

| | |
|---|---|
| **Total Value of Motor Vehicles** (Sch. A/B, line 55): | **$ 5,520.00** |
| **Total Net Equity for Motor Vehicles** (Value Less Liens): | **$ 1,439.25** |
| **Less Total Exemptions for Motor Vehicles** (Sch. C): | **$ 1,439.25** |
| **Amount Motor Vehicle Available in Chapter 7:** | **$ 0.00** |

### C. ALL OTHER ASSETS (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| **Household Goods** | **4,000.00** | **0.00** | **4,000.00** |
| **Clothing** | **300.00** | **0.00** | **300.00** |
| **Personal Checking: TD Bank Checking** | **2,400.00** | **0.00** | **2,400.00** |
| **Savings Account: TD Bank** | **10.00** | **0.00** | **10.00** |
| **Retirement Savings Plan: Fidelity Retirement Savings Plan** | **16,954.40** | **0.00** | **16,954.40** |
| **Pension: Lahey Hospital & Medical Center Pension** | **318,427.00** | **0.00** | **318,427.00** |

| | |
|---|---|
| **Total Value of All Other Assets:** | **$ 342,091.40** |
| **Total Net Equity for All Other Assets** (Value Less Liens): | **$ 342,091.40** |
| **Less Total Exemptions for All Other Assets**: | **$ 342,091.40** |
| **Amount of All Other Assets Available in Chapter 7:** | **$ 0.00** |

### D. SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 (Exhibit 2, A) | $ 0.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (Exhibit 2, B) | $ 0.00 |
| C. Amount All Other Assets Available in Chapter 7 (Exhibit 2, C) | $ 0.00 |
| **TOTAL AVAILABLE IN CHAPTER 7:** | **$ 0.00** |

### E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

| |
|---|
| |

OLF3A (Official Local Form 3A)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ) | Chapter 13 |
| ROBERT TAIT ) | Case No.:   16-12402 |
| DIANE TAIT ) | |
|     Debtors, ) | |

## CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

    I/We hereby certify that on January 27, 2021 and in accordance with MLBR, Appendix 1, Rule 13-4(b), I/we served by first class United States mail a copy of this Plan to the on the parties on the attached list.

                                                            The Debtors,
                                                             By Their Attorney,

                                                             /s/ Peter M. Daigle_____
                                                             Peter M. Daigle, Esquire
                                                             BBO # 640517
                                                             1550 Falmouth Road, Suite 10
                                                             Centerville, MA 02632
                                                             (508) 771-7444

Electronic Mail:

Carolyn Bankowski, US Trustee
John Fitzgerald, Asst. US Trustee

First Class Mail:

**Brand Source/Citi Cbna**
50 Northwest Point Road
Elk Grove Village, IL 60007

**Caliber Home Loans, Inc.**
13801 Wireless Way
Oklahoma City, OK 73134

**Capital One Auto Finance**
c/o AIS Portfolio Services, LP f/k/a
AIS Data Services d/b/a/ Ascension Capit
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**Capital One Auto Finance**
c/o AIS Portfolio Services, LP f/k/a
AIS Data Services d/b/a/ Ascension Capit
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**Capital One Auto Finance**
3901 Dallas Pkwy
Plano, TX 75093

**Capital One Auto Finance**
7933 Preston Rd
Plano, TX 75024

**Capital One NA**
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

**Cit Fin Serv**
Attn: Bankruptcy
Po Box 140489
Irving, TX 75063

**Cit Fin Serv**
Po Box 24610
Oklahoma City, OK 73124

**Citibank/Goodyear**
Po Box 6497
Sioux Falls, SD 57117

**Citibank/Goodyear**
CitiCorp Credit Card Services/Attention
Po Box 790040
Saint Louis, MO 63179

**Citibank/The Home Depot**
Citicorp Credit Srvs/Centralized Bankrup
Po Box 790040
Saint Louis, MO 63179

**Citibank/The Home Depot**
Po Box 6497
Sioux Falls, SD 57117

**Credit First/CFNA**
Bk13 Credit Operations
Po Box 818011

Cleveland, OH 44181

**Credit First/CFNA**
6275 Eastland Rd
Brookpark, OH 44142

**Credit One Bank Na**
585 S. Pilot Street
Las Vegas, NV 89119

**Credit One Bank Na**
Po Box 98873
Las Vegas, NV 89193

**Debt Recovery Solution**
900 Merchants Conc
Westbury, NY 11590

**Debt Recovery Solution**
Attention: Bankruptcy
900 Merchants Concourse Ste Ll11
Westbury, NY 11590

**Eversource**
F/K/A: Mass Electric
PO Box 660369
Dallas, TX 75266

**First Premier Bank**
601 S Minnesota Ave
Sioux Falls, SD 57104

**First Premier Bank**
601 S Minneapolis Ave
Sioux Falls, SD 57104

**Gateway One Lending & Finance**
160 N Riverview Drive, Ste 100
Anaheim, CA 92808

**Gateway One Lending & Finance**
1601 Riverview Dr Ste 100
Anaheim, CA 92808

**HSN**
c/o Portfolio Recovery
PO Box 4115
Concord, CA 94524

**Internal Revenue Service**

PO Box 7346
Philadelphia, PA 19101

**Kohls/Capital One**
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051

**Kohls/Capital One**
Po Box 3120
Milwaukee, WI 53201

**LVNV Funding, LLC its successors and assigns as**
assignee of FNBM, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

**Massachusetts Department of Revenue**
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

**Massachusetts General Hospital**
c/o NCO Financial Systems, Inc.
PO Box 15270
Wilmington, DE 19850

**Massachusetts General Hospital**
PO Box 9693
Boston, MA 02241

**Michael Zack, MD**
101 Main Street, Duite 110
Medford, MA 02155

**Midland Funding LLC**
PO Box 2011
Warren, MI 48090

**National Grid**
P.O. Box 4300
Woburn, MA 01888

**National Grid**
300 Erie Blvd. West
Syracuse, NY 13202

**National Recovery Agency**
2491 Paxton St
Harrisburg, PA 17111

**Orlans Moran**
P.O. Box 540540
Waltham, MA 02454

**PORTFOLIO RECOVERY ASSOCIATES, LLC**
POB 41067
Norfolk, VA 23541

**Santander Consumer USA**
Po Box 961245
Fort Worth, TX 76161

**Santander Consumer USA**
Po Box 961245
Ft Worth, TX 76161

**Santander Consumer USA, Inc.**
Gateway One Lending & Finance, LLC
P.O. Box 560284
Dallas, TX 75356

**Southwest Credit Systems**
4120 International Parkway
Suite 1100
Carrollton, TX 75007

**Southwest Credit Systems**
4120 International
Carrollton, TX 75007

**Syncb/Toys R Us**
Attn: Bankrupty
Po Box 103104
Roswell, GA 30076

**Syncb/toysrus**
Po Box 965005
Orlando, FL 32896

**Synchrony Bank/Care Credit**
950 Forrer Blvd
Kettering, OH 45420

**Synchrony Bank/Care Credit**
Po Box 965064
Orlando, FL 32896

**Synchrony Bank/Walmart**
Po Box 965064
Orlando, FL 32896

**Synchrony Bank/Walmart**
Po Box 965024
Orlando, FL 32896